**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ANTHONY LEBLANC** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 11-1668** |
| | * | |
| **AEP ELMWOOD LLC ET AL.** | * | **SECTION "B"(4)** |

## ORDER AND REASONS

Before the Court is Plaintiff Anthony Leblanc's Motion to Reconsider Order Denying Motion to Remand and responsive pleadings. (Rec. Doc. Nos. 52 and 62). In response, Defendants Diamond L Services, Inc. ("Diamond L") and AEP Elmwood ("AEP") filed their individual oppositions thereto. (Rec. Doc. Nos. 56 and 58). Accordingly, and for the reasons articulated below, **IT IS ORDERED** that Plaintiff's Motion to Reconsider Order Denying Motion to Remand (Rec. Doc. No. 52) is **DENIED**.

## LAW AND ANALYSIS

It is well recognized that reconsideration is an "extraordinary remedy which should be used sparingly." *A.M.C. Liftboats, Inc. Apache Corp.*, 2008 WL 1988807, at 1 (E.D.La. 2008) (quotation marks omitted). Federal Rule of Civil Procedure Rule 59(e) is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Templet v. HydrocChem, Inc.*, 367

1

F.3d 473, 479 (5th Cir. 2004). There are four grounds upon which a motion to reconsider can be granted: "(1) to correct manifest errors of law or fact upon which judgment is based; (2) the availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law." *Peterson v. Cigna Group Ins.*, 2002 WL 1268404, at 2 (E.D.La June 5, 2002). Furthermore, the Fifth Circuit has held that a court may only grant a motion for reconsideration on the basis of newly acquired evidence if "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003).

The crux of the Court's prior ruling hinged on a determination that Plaintiff could not be deemed with Jones Act seaman status. First, despite Plaintiff's contentions otherwise, the Court did not shift the burden onto Plaintiff to prove his Jones Act seaman status. The various phrases used by the Court served to indicate its determination that Defendants satisfied their burden by proving Plaintiff has no possibility of proving seaman status. Accordingly, the facts do not indicate a finding that Plaintiff can be deemed a Jones Act seaman. Plaintiff served as a land-based barge washer, reported to a land-based supervisor, and his duties

never required him to board any vessel that he was washing. (February 28, 2012 Order and Reasons; Rec. Doc. No. 58, at 5-6). Furthermore, these shore-based duties were sporadic in nature, as there was no permanency. (*See* Rec. Doc. No. 15-3, Wayne Ledet Aff. ¶7)("His work as a barge washer did not call for him to be onboard any particular barge for more than a day or two in a row."). Accordingly, the facts demonstrate no possibility of finding Plaintiff to be a Jones Act seaman.

Second, cases cited by Plaintiff to support his contention that he faced perils of the sea did not warrant a finding of seaman status for Plaintiff. Despite Plaintiff's contentions otherwise, there were no disputed facts here because the facts clearly demonstrate Plaintiff was a shore-based barge washer, washing a vessel moored to a river bank. Plaintiff himself admits that a land-based, on site foreman supervised his work (Rec. Doc. No. 9-2, Exh. 1, ¶9). He further admits the barges he was assigned to clean were transported to and from AEP's cleaning facility (Id. at ¶14); that each barge was manned by its own crew members (Id. at ¶12); that he was not part of said crews (Id.); and that he did not load/unload cargo from said barges, as "his work exclusively involved washing procedures." (Id. at ¶15). There is no ambiguity in the law or facts here regarding status.

Third, Plaintiff was not exposed to the perils of the sea, nor did he face dangers particular to those of a seaman. As such, the

3

Court determined that "the facts surrounding Plaintiff's duties preclude a finding that he was a seaman as required by the Jones Act. He was 'not a member of the crew of any vessel, would never sail with the barge once his washing duties were completed, and did not sleep or take his meals upon any barge, as members of a vessel's crew typically would.'" (Rec. Doc. No. 49, at 13, citing Rec. Doc. 16-1 at 2). Here, the facts demonstrate that Plaintiff was a land-based worker with a "transitory [and] sporadic connection to [the vessel at issue]." *In Re Endeavour Marine Inc.*, 234 F.3d 287, 290-91 (5th Cir. 2000). As such, the fact that Plaintiff did not literally go to sea was immaterial to the Court's finding that he was not a Jones Act seaman.

Finally, the Court's discussion of Diamond L's LHWCA insurance was not depositive in its determination that Plaintiff cannot be deemed with Jones Act seaman status, which was the primary issue in this matter. Before discussing the LHWCA matter, the Court had already found that no reasonable fact finder could determine that Plaintiff was a Jones Act seaman. And, the Court recognized that a plaintiff can plead a Jones Act claim to prevent removal. Accordingly, the Court determined that "a fraudulently pleaded Jones Act claim does not, however, bar removal." *Holmes v. Atlantic Sounding Co., Inc.*, 437 F.3d 441, 445 (5th Cir. 2006). Thusly, the discussion about LHWCA benefits was immaterial to previous findings that: (1) Plaintiff cannot be deemed a Jones Act

4

seaman, and (2) the Court can deny a motion to remand when a Jones Act claim is fraudulently pled.

As such, Defendants satisfied their burden in proving there was no possibility that a fact finder could determine Plaintiff deserved Jones Act seaman status. Moreover, Plaintiff fails to produce any new facts that would warrant a finding otherwise regarding his status. Furthermore, a motion for reconsideration should not be used to "re-litigate *prior matters that . . . simply have been resolved to the movant's dissatisfaction.*" *Voisin v. Tetra Technologies, Inc.*, 2010 WL 3943522, at 2 (E.D. La. Oct. 6, 2010)(emphasis added). As such, Plaintiff has not established any manifest error warranting the Court to reconsider its prior ruling. *Peterson v. Cigna Group Ins.*, 2002 WL 1268404, at 2 (E.D.La June 5, 2002).

New Orleans, Louisiana, this 4th day of April, 2012.

_____
UNITED STATES DISTRICT JUDGE