```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ANTHONY LEBLANC                    *      CIVIL ACTION
                                   *
VERSUS                             *      NO. 11-1668
                                   *
AEP ELMWOOD LLC ET AL.             *      SECTION "B"(4)
```

## ORDER AND REASONS

Before the Court is Diamond L Services' ("Diamond L") Motion for Involuntary Dismissal, pursuant to the Federal Rule of Civil Procedure 41(b) and responsive pleadings. (Rec. Doc. Nos. 71 and 79). In reply, Anthony Leblanc ("Plaintiff") filed an opposition thereto. (Rec. Doc. No. 75). Accordingly, for the reasons assigned below, **IT IS ORDERED** that Diamond L's Motion for Involuntary Dismissal be **GRANTED**.

## PROCEDURAL HISTORY

Plaintiff filed this case in Louisiana state court in the Parish of St. James against AEP Elmwood ("AEP") and Diamond L, alleging violations of the Jones Act. (Rec. Doc. No. 75-1 at 1). It was removed to this Court, and Plaintiff filed a Motion to Remand to state court. (Rec. Doc. No. 71-1 at 1). Plaintiff's Motion to Remand was denied, as well as a later Motion to Reconsider. (Rec. Doc. No. 71-1 at 1). Diamond L filed this

1

motion seeking dismissal of Plaintiff's claims against it, pursuant Federal Rules of Civil Procedure  41(b), 12(b)(6), and 12 (c). (Rec. Doc. No. 71-1 at 3).

## CONTENTIONS OF THE PARTIES

### A. Contentions of Diamond L

Diamond L contends that there are no set of facts that would qualify Plaintiff as a Jones Act seaman, pursuant to noted prior order.  (Rec. Doc. No. 71-1).  Diamond L contends that Plaintiff's sole remedy is through the Longshore and Harbor Workers' Compensation Act ("LHWCA").  33 U.S.C. § 901 (2012); (Rec. Doc. No. 71-1 at 3).  Under the LHWCA, a worker must satisfy both a "situs" and "status" test in order to recover damages. Diamond L contends that Plaintiff satisfies that situs test because he was working on the barge at the time of his injury and his work on the barge was essential to the operation of the barge.

Diamond L further contends that Plaintiff's inability to maintain a Jones Act claim establishes that it should be dismissed under the Fifth Circuit's ruling in *Cobb v. Delta Exports, Inc.* because Diamond L was fraudulently joined as a party.  (Rec. Doc. No. 71-1 at 3).

### B. Contentions of Plaintiff

Plaintiff continues to assert that he qualifies as a Jones Act seaman and advances four arguments:  (1) AEP's barges are vessels for purposes of the Jones Act; (2) Plaintiff's duties

2

contributed to the functions of the barges and the accomplishment of their missions; (3) Plaintiff had a connection to an "identifiable fleet of vessels" that was substantial in duration; and (4) Plaintiff's connection to an identifiable fleet of vessels was substantial in nature, as he was exposed to the "perils of the sea." (Rec. Doc. No. 75 at 7-12).

Despite Plaintiff's contentions that he is a Jones Act seaman, Plaintiff ignores the fact that this Court has already concluded that he does not qualify as a Jones Act seaman. (Rec. Doc. No. 49 at 13). ("[T]he facts surrounding Plaintiff's duties preclude a finding that he was a seaman as required by the Jones Act."). Further, Plaintiff ignores the fact that this Court has: 1) denied his motion to remand and 2) denied his motion to reconsider the aforementioned motion. (Rec. Doc. Nos. 66 and 49).

## LAW AND ANALYSIS

**A. Standard of Review**

***1. Rule 41(b): Involuntary Dismissal***

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any

dismissal not under this rule . . . operates as an adjudication on the merits." FED. R. CIV. P. 41(b).  The Fifth Circuit has held that because dismissal with prejudice for failure to prosecute is an "extreme sanction," the discretion of a district court in dismissing the case is limited to a showing of: (1) a "clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. Cigna/RSi-Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992); *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1986); *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986).

*2. Rule 12(b)(6): Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted*

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a complaint to be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  A motion to dismiss under 12(b)(6) attacks the legal sufficiency of the complaint.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  The court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

4

Additionally, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  A plaintiff has an "obligation to provide the 'grounds' for his 'entitlement to relief', [and that] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* In order for a complaint to survive a motion to dismiss, it must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). For a court to determine the plausibility of a claim, a court is required to draw on its common sense and experience in a context specific manner.  *Iqbal*, 556 U.S. at 678.

### 3. Rule 12(c): Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed . . . a party may move for judgment on the pleadings."  FED. R. CIV. P. 12(c).  The standard of review for a motion for judgment on the pleadings is the same standard used for a Rule 12(b)(6) motion to dismiss.  *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).  In considering a Rule 12(b)(6) motion to dismiss, courts have found that dismissal pursuant to this provision is "viewed with disfavor and rarely granted."  *Lowery v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th

Cir. 1997); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1980).

Here, Plaintiff has repeatedly asserted the same substantive claims, all in support of his contention that he qualifies as a Jones Act seaman. Even with regard to the immediate Motion for Involuntary Dismissal, (Rec. Doc. No. 71), he chose to proffer more argument regarding his alleged Jones Act status. As noted here, the Court has already ruled on his status, determining that he does not qualify as a Jones Act seaman. (Rec. Doc. No. 49 at 13) ("the facts surrounding Plaintiff's duties preclude a finding that he was a seaman as required by the Jones Act."); (Rec. Doc. No. 66 at 2) ("Defendants satisfied their burden by proving Plaintiff has no possibility of proving seaman status . . . the facts do not indicate a finding that Plaintiff can be deemed a Jones Act seaman.").

Furthermore, the Court has determined that Diamond L carried LHWCA insurance for its employees and made a claim for Plaintiff pursuant to said policy. (Rec. Doc. No. 49 at 14). Plaintiff is

eligible for LHWCA coverage because he satisfies the "situs" and "status" test necessary to determine said coverage. *See Herb's Welding, Inc. v. Gray*, 470 U.S. 414 (1985) (the Court held that the claimant did not qualify for LHWCA coverage because he worked as a welder on an oil drilling platform and such work did not constitute maritime employment). Plaintiff satisfies the situs requirement because at the time of the incident at issue, he was working on a barge that was moored to a barge-cleaning facility, while that barge was afloat in navigable waters. ("Plaintiff was a shore-based barge washer, washing a vessel moored to a river bank. Plaintiff himself admits that a land-based, on site foreman supervised his work (Rec. Doc. No. 9-2, Exh. 1, ¶9)." (Rec. Doc. No. 66 at 3); *see also* 33 U.S.C. § 903(a).[1]

Second, Plaintiff satisfies the status requirement. In order to satisfy the above test, a worker must be engaged in "maritime employment" on the LHWCA situs. *See* 33 U.S.C. §§ 902(3), 903(a);

---

[1] 33 U.S.C. § 903(a) reads, in pertinent part:

> Except as otherwise provided in this section, compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel).

*see also Herb's Welding*, 470 U.S. at 424.[2] Plaintiff admitted that while he did not load or unload any cargo, his barge-cleaning work was important to the loading and unloading of the vessel because crewmembers "could walk without slipping and falling . . . [and the cleaning] mitigate[d] . . .cargo from being contaminated by algae, dirt, grease and/or foreign substances." (Rec. Doc. No. 9-2 at 4 ¶12).  Accordingly, Plaintiff satisfies both the situs and status test for LHWCA coverage.

Subsequent to the finding that Diamond L carried the requisite LHWCA insurance for Plaintiff, this Court determined that Plaintiff's "claim against Diamond L is improper, and without Diamond L's presence, diversity jurisdiction is appropriate." (Rec. Doc. No. 49 at 14). Thusly, because the claim against Diamond L is improper, Plaintiff cannot recover against Diamond L. "A request to join a party against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction (*i.e.*, a request fraudulently to join a party) would never be granted." *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 678 (5th Cir. 1999).  Accordingly, Diamond L was improperly joined to the instant action, and it should be dismissed.  However,

---

[2] The LHWCA covers "any person engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harborworker including a ship repairman, shipbuilder, and shipbreaker," including any duties that are integral to the loading and unloading of the vessel. *Herb's Welding*, 470 U.S. at 424-25.

Plaintiff is free to pursue his administrative LHWCA remedies against Diamond L.

Accordingly, for the reasons articulated above, **IT IS ORDERED** that Diamond L's Motion for Involuntary Dismissal be **GRANTED**.

New Orleans, Louisiana, this 1st day of June, 2012.

_____
UNITED STATES DISTRICT JUDGE